# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOE DANIEL HOLT, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 7:17-cv-01736-RDP-JEO** |
| | } | |
| **TERESA DOMEC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on the Magistrate Judge's Report and Recommendation (Doc. # 17), filed on May 17, 2018. In his Report and Recommendation, the Magistrate Judge screened Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A, and recommended that the court dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. # 17 at 2, 37). Plaintiff timely filed objections to the Report and Recommendation. (Doc. # 18).

## I.     Standard of Review

The court reviews objected-to factual and legal rulings in a Magistrate Judge's report and recommendation *de novo*. *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). The court reviews those portions that are not specifically objected to under the plain error standard. *See* 11th Cir. R. 3-1. (*See also* Doc. # 17 at 37) (warning Plaintiff that his failure to object would bar further review, except for plain error). Objections must identify the portions of the Report and Recommendation being challenged and the specific basis for the objections. *Heath*, 863 F.2d at 822.

## II.    Analysis of Objections

After careful review, the court concludes that Plaintiff's objections all are due to be overruled.[1]

First, Plaintiff argues that the Magistrate Judge overstepped his authority under § 1915A because he addressed arguments against Plaintiff's claims that were not raised by the Defendants themselves.  (Doc. # 18 at 1-2, 6, 8).  These objections misapprehend the court's statutory obligations when screening a prisoner's complaint before service on a governmental entity, officer, or employee.  The Prison Litigation Reform Act directs the court to identify cognizable claims in a prisoner's complaint and to dismiss all claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from an immune defendant.  28 U.S.C. § 1915A(b).  The Act also "gives courts greater liberty in dismissing prisoner lawsuits asserted against governmental entities or employees" than the court possesses in other contexts. *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997).  To be sure, the court cannot dismiss a claim *sua sponte* based on an affirmative defense unless the affirmative defense appears on the face of the complaint.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  But, the Magistrate Judge properly analyzed Plaintiff's claims to determine whether any of them stated a plausible claim for relief that is not moot or barred by Eleventh Amendment immunity.  Thus,

---

[1]  Some of Plaintiff's objections are due to be overruled without substantial discussion.  Throughout his objections, Plaintiff asserts that the court must conduct a *de novo* review of the entire Complaint without identifying a specific deficiency in the Magistrate Judge's review of the Complaint.  (Doc. # 18 at 1-3).  Plaintiff also argues that the Magistrate Judge should have determined whether the claims in the Complaint provided fair notice to Defendants without stating which claim(s) the Magistrate Judge failed to properly review.  (*Id.* at 2).  These objections offer no specific challenge to the Magistrate Judge's Report and Recommendation that is appropriate for the court to review.  *Cf. Heath*, 863 F.2d at 822.  In any event, the Magistrate Judge liberally construed Plaintiff's allegations in the pleadings and, in the court's view, discerned every possible claim raised therein.  Similarly, Plaintiff raises no reviewable objection to the Magistrate Judge's determination that the court lacks authority to demote or transfer Defendants.  (*See* Docs. # 17 at 15; 18 at 5).

Finally, some of Plaintiff's objections challenge clerical errors in the Report and Recommendation.  (*See* Doc. # 18 at 3) (stating that the Report and Recommendation should have cited Section 5.4.6.3 of a classification manual, rather than Section 5.4.G.3).  (*See also id.* at 4) (stating that the Report and Recommendation should have cited Ala. Code § 14-3-13, rather than § 14-3-3).  These errors are immaterial to the merits.

the court will overrule Plaintiff's objections to the Magistrate Judge's identification of deficiencies *sua sponte* during the screening process.

Second, Plaintiff objects to the Magistrate Judge's failure to acknowledge that his 42 U.S.C. § 1983 claims are being brought against individual defendants in their individual capacities. (Doc. # 18 at 1, 5). That argument is off the mark. The Magistrate Judge thoroughly discussed the reasons why Plaintiff's individual-capacity claims fail as a matter of law after recommending the dismissal of his official-capacity claims under the Eleventh Amendment. And, the Magistrate Judge limited his immunity recommendation to official-capacity claims. (*See* Doc. # 17 at 17) (applying Eleventh Amendment immunity "to the extent the plaintiff sues the corrections personnel in their official capacities").[2] Therefore, these objections are due to be overruled.

Third, Plaintiff objects to the Magistrate Judge's purported lack of neutrality in describing Defendant Teresa Domec's investigation of a Facebook account. (Doc. # 18 at 3). The court finds that the Magistrate Judge fairly laid out Plaintiff's factual allegations about the investigation and his assertions of innocence. (*See* Doc. # 17 at 5-6). And, the Magistrate Judge correctly determined that Plaintiff's allegations regarding Domec's purported identity fraud are nothing more than conclusory allegations lacking any reasonable support. *Cf. Franklin v. Curry*, 738 F.3d 1246, 1250-51 (11th Cir. 2013). Therefore, this factual objection is due to be overruled.

Fourth, Plaintiff summarily references 28 U.S.C. § 455(a) three times in his objections. (Doc. # 18 at 3, 6, 9). Under 28 U.S.C. § 455(a), a district judge or magistrate judge must recuse in any proceeding in which his impartiality might reasonably be questioned. Generally, "judicial

---

[2] To be clear, Plaintiff sued the individual Defendants in their individual and official capacities. (Doc. # 1 at 14-15).

rulings alone almost never constitute a valid basis for a bias or partiality motion." *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Unsupported and conclusory allegations also do not warrant a judge's disqualification. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). Plaintiff's conclusory allegations that the Magistrate Judge acted improperly in making his recommendations present no basis for disqualification. Therefore, all objections that rely upon § 455(a) are due to be overruled. Moreover, to the extent Plaintiff's objections liberally can be construed as a motion to disqualify, that motion is due to be denied.

Fifth, Plaintiff claims that the Report and Recommendation misconstrues a prior complaint he filed with this court. (Doc. # 18 at 4) (discussing Doc. # 17 at 6 n. 2). To the extent Plaintiff objects to the Magistrate Judge's reference to another complaint Plaintiff filed with this court, the Magistrate Judge's discussion of that complaint is not material to the claims here because Plaintiff's procedural and substantive due process fail for the reasons stated in the Report and Recommendation, which have nothing to do with the discrepancies between Plaintiff's current complaint and his earlier complaint. (*See* Doc. # 17 at 20-24). The Report and Recommendation accurately recounts Plaintiff's current allegation that no one confiscated a phone from him at the Bibb County Correctional Facility ("BCCF"). (Doc. # 17 at 6). Therefore, this objection is due to be overruled.

Sixth, Plaintiff objects to the Magistrate Judge's characterization of minimum-community custody as a status "he desired." (Docs. # 17 at 9; 18 at 4). Rather, Plaintiff argues that he was eligible for the minimum custody status. (Doc. # 18 at 4). Plaintiff cites no authority for his contention that he was eligible for community custody at the time Defendant Angela Baggett denied it to him. (*See id.*). Additionally, although Plaintiff alleges in

an amendment to the Complaint that Baggett abused her authority, he has not alleged in a pleading that he was eligible for community custody in March 2018. (*See* Docs. # 12 at 1-2, 14 at 1-2). In any event, Plaintiff has not explained how this mischaracterization affected the Magistrate Judge's review of any of the constitutional claims. As the Magistrate Judge correctly explained, a violation of a state policy or procedure, standing alone, usually does not amount to a constitutional violation actionable under 42 U.S.C. § 1983. (Doc. # 17 at 18). For these reasons, Plaintiff's objection to the Magistrate Judge's description of the events in March 2018 is due to be overruled.

Seventh, Plaintiff objects to the Magistrate Judge's recommendation that all injunctive claims are moot because the Alabama Department of Corrections has transferred Plaintiff from the BCCF to the Hamilton Aged & Infirm Correctional Facility. (Docs. # 17 at 14-15; 18 at 4-5). Plaintiff contends his transfer did not moot his injunctive claims because he previously has been transferred from other prisons to the BCCF and could be transferred back to the BCCF again. (Doc. # 18 at 4-5). Essentially, Plaintiff argues that his claims are capable of repetition, yet evade review. This exception to the mootness doctrine applies where (1) the challenged action is too short in duration to be litigated fully before it ceases, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir 2014). This exception "requires a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Watkins v. Broward Cty. Sheriff*, 677 F. App'x 622, 623 (11th Cir. 2017) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

Here, Plaintiff's claims for injunctive relief center on conditions at the BCCF and actions committed by BCCF employees. (*See* Doc. # 1 at 17-19). Plaintiff's transfer to a different

facility deprives this court of any ability to give him meaningful relief on those claims for injunctive relief. *Watkins*, 677 F. App'x at 623. While Plaintiff states that he has been transferred to the BCCF twice in the last twelve years, this averment is insufficient to show a "demonstrated probability," as opposed to a mere possibility, that he will be incarcerated in the BCCF again. *See id.* Therefore, Plaintiff's injunctive claims are moot and are not subject to the "capable of repetition" exception. Plaintiff's objection to the Magistrate Judge's mootness recommendation is due to be overruled.[3]

Eighth, Plaintiff objects to the Magistrate Judge's recommendations to dismiss his claims under 42 U.S.C. §§ 1981, 1985, and 1988. Plaintiff's conclusory objections to these recommendations present no specific basis for the court to address. *Heath*, 863 F.2d at 822. The court has reviewed the Magistrate Judge's recommendations on these claims and finds no error. Accordingly, Plaintiff's objections to dismissing the §§ 1981, 1985, and 1988 claims are due to be overruled.

Ninth, Plaintiff objects that the Magistrate Judge failed to acknowledge that Defendants acted under color of state law. (Doc. # 18 at 6). This objection is meritless because the Magistrate Judge considered the merits of Plaintiff's § 1983 claims and did not recommend dismissing them for failure to allege conduct under color of state law. Indeed, the Magistrate Judge correctly explained that violations of state laws and regulations -- such as prison grievance procedures, jail policies, and state employment statutes -- do not automatically result in constitutional violations. *Bingham*, 654 F.3d at 1177-78; *Harris v. Birmingham Bd. of Educ.*,

---

[3] In any event, Plaintiff's injunctive claims are due to be dismissed because the purported constitutional violations on which Plaintiff seeks injunctive relief fail as a matter of law. The court notes that Plaintiff's request for a disciplinary violation to be removed from his record might not be mooted by his transfer to a different prison. (*See* Doc. # 1 at 18). Nevertheless, that injunctive claim is due to be dismissed because the purported constitutional violations for which Plaintiff seeks such relief are meritless.

817 F.2d 1525, 1528 (11th Cir. 1987); *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007). This objection is due to be overruled.

Tenth, Plaintiff contends that the Magistrate Judge's recommendation to dismiss any Fourth Amendment search claim essentially provides him "no constitutional rights" with regard to his personal information. (Doc. # 18 at 6). The Magistrate Judge liberally construed a Fourth Amendment claim from Plaintiff's allegations that Defendant Domec stole his identity by accessing his institutional files. (*See* Doc. # 1 at 4, 31). Plaintiff offers no authority to counter the Magistrate Judge's reliance on the Supreme Court's opinion in *Hudson v. Palmer*, 468 U.S. 517 (1984). (*See* Doc. # 18 at 6). Additionally, Plaintiff cannot plausibly claim that he has a reasonable expectation of privacy in correctional files created and maintained by third parties (*i.e.*, state employees). *See, e.g.*, *United States v. Davis*, 785 F.3d 498, 511 (11th Cir. 2015) (*en banc*) (holding that collection of cell tower location information fell under the third-party doctrine because the defendant did not own or possess the records at issue), *abrogated in part*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018). Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation on the Fourth Amendment search claim is due to be overruled.

Eleventh, Plaintiff claims that the due process claims are due to go forward because he has alleged that Defendants lacked evidence of an infraction when they disciplined him. (Doc. # 18 at 6). Plaintiff has not claimed that Defendants denied him advance written notice of the claimed violation, a written statement of the evidence they relied upon and the reasons for the disciplinary action, or an opportunity to call witnesses and present evidence in his defense. (*See id.*). *See also Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994) (listing these elements as procedural due process requirements for prisoner disciplinary proceedings). Nor has Plaintiff

alleged or argued that the disciplinary ruling in September 2017 was not supported by some evidence. (*See* Docs. # 1 at 5-6; 18 at 6). Instead, he argues that the disciplinary proceedings violated his due process rights because Defendants lacked evidence that he committed a social-media related infraction at the BCCF. (*See* Doc. # 1 at 5-6). But, Plaintiff has failed to allege whether Defendant Domec charged him with using social media at the BCCF. The court is not convinced that this claim -- even when liberally construed -- states a plausible due process claim. *See Young*, 37 F.3d at 1459 (analyzing a due process claim based on the purported lack of "some evidence" to support the hearing officer's findings). Plaintiff's objection to the Magistrate Judge's recommendations for the due process claims is due to be overruled.

Twelfth, Plaintiff reiterates that he is eligible for community custody and work-release status. (Doc. # 18 at 7). After careful review, the court agrees with the Magistrate Judge that Plaintiff cannot pursue any § 1983 claim on this theory because he lacks a liberty or property interest in work-release status or community custody. *See Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988) (affirming summary judgment on a due process claim concerning work-release status in light of the discretionary nature of work-release under Alabama law); *Smith v. Governor for Ala.*, 562 F. App'x 806, 817 (11th Cir. 2014) ("We find no due process violation here because classifications used by prisons do not constitute liberty interests."). This objection is due to be overruled.

Thirteenth, Plaintiff objects to the Magistrate Judge's recommendation that the § 1983 conspiracy claims fail because Plaintiff has not pled an underlying constitutional violation he suffered. (Docs. # 17 at 25-27; 18 at 7). As explained above, the court agrees with the Magistrate Judge that no constitutional violation has been asserted in Plaintiff's pleadings. Moreover, the court agrees with the Magistrate Judge that Plaintiff's pleadings present nothing

more than a conclusory allegation of an agreement between the Defendants. (Doc. # 17 at 27). For both reasons, Plaintiff's objection to the recommended dismissal of his § 1983 conspiracy claims is due to be overruled.

Fourteenth, Plaintiff objects to the dismissal of his Thirteenth Amendment claim. (Doc. # 18 at 7-8). He contends that the disciplinary actions taken against him deprived him of paid employment because he lost work-release status. (*Id.*). As explained in the Report and Recommendation, however, Plaintiff's Thirteenth Amendment claim is barred by binding precedent because he has been convicted and imprisoned for a crime. *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983). The Thirteenth Amendment claim is due to be dismissed, and Plaintiff's objection is due to be overruled.

Fifteenth, Plaintiff argues that his access-to-courts claim should proceed because "the First Amendment provides plaintiff standing to bring the cognizable access to courts claim." (Doc. # 18 at 8). The court disagrees. An access-to-courts claim must state an "actual injury" suffered due to the denial of law library access or adequate legal assistance. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008). Thus, a prisoner pursuing such a claim must allege how the denial of access to the courts "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Id.* (quoting *Wilson v. Blakenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)). Plaintiff has not identified -- in his Complaint or his objections -- what post-conviction or civil rights claim he was impeded from pursuing due to the alleged deficiencies at the BCCF. Therefore, his access-to-courts claim is due to be dismissed, and this objection is due to be overruled.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that any recovery of damages for mental or emotional injuries in this action is barred by 42 U.S.C. § 1997e(e). The

Magistrate Judge accurately described the damages limitation in § 1997e(e) and correctly observed that Plaintiff has not sought nominal damages in his pleadings. (Doc. # 18 at 35-37). *See also Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015). This final objection is meritless and is due to be overruled.

## III. Conclusion

Having carefully reviewed and considered all the materials in the court file, including the Magistrate Judge's Report and Recommendation and Plaintiff's objections, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED**. The Magistrate Judge's recommendations are **ACCEPTED**. Plaintiff's objections (Doc. # 18) are **OVERRULED**. Accordingly, all claims in this action are due to be dismissed without prejudice for failure to state a claim. To the extent Plaintiff's objections contain a motion to disqualify the Magistrate Judge, that motion is due to be denied. A separate Final Order will be entered.

**DONE** and **ORDERED** this July 11, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE